### 9516

JONES v. NORTH CAROLINA MUTUAL & PROVIDENT ASS'N.

(90 S. E. 30.)

1. INSURANCE — LIFE INSURANCE — RIGHTS OF BENEFICIARY. — A beneficiary named in a life insurance policy has a vested interest, which can only be taken away by his consent or by virtue of the exercise of the right vested in the policy itself.

2. INSURANCE—LIFE INSURANCE—CHANGE OF BENEFICIARY—CONSENT.— Under an ordinary life insurance policy issued in consideration of the application therefor, and subject only to the conditions and agreements named therein, and containing nothing conferring upon the insured the right to change the beneficiary named in the policy without her consent, neither the insured nor the insurer nor the two together had the right to change the beneficiary without her consent.

3. INSURANCE—LIFE INSURANCE—CHANGE OF BENEFICIARY—EVIDENCE.— In an action involving the right of the insured to change the beneficiary named in the policy without her consent, the provisions of the insurer's constitution and by-laws not brought to the insurer's knowledge could not be resorted to in order to furnish authority for a change without the consent of the beneficiary.

Before HON. F. L. WILLCOX, special Judge, Abbeville, November, 1915.   Affirmed.

Action by Hattie Jones against the North Carolina Mutual and Provident Association.   Judgment for plaintiff, and defendant appeals.

The decree of the Circuit Court was as follows:

This case comes before me upon appeal from a judgment in favor of plaintiff in the Court of Magistrate J. S. Hammond.

It appears from the pleadings, the evidence, and the exception, and also upon the argument before me, that there is really only one question involved.

If the party insured, J. R. Davis, on account of whose death while he was holding a policy in the defendant association the suit was brought to recover the amount specified in the policy, had a right to require the company to make the

loss payable to a new beneficiary, without the consent of Hattie Jones, the beneficiary named in the policy, then the judgment of the magistrate might be reversed. If on the other hand, no such right existed, without the consent of Hattie Jones, the judgment of the magistrate should be affirmed and the appeal dismissed.

The policy seems to be an ordinary life insurance policy, as distinguished from a certificate of membership in a mutual protective association. It is issued in consideration of the application thereof and of the payment of premiums specified therein, and is subject only to the conditions and agreements named therein. There is nothing whatever in the policy itself conferring the right upon the assured to change the beneficiary, without her consent. The South Carolina authorities cited by counsel for the defendant seem to establish clearly legal proposition that a beneficiary named in a life insurance policy has a vested interest which can only be taken away by her consent or by virtue of the exercise of the right vested in the policy itself.

I am not impressed with the position taken by defendant to the effect that the provisions of its constitution and by-laws can be resorted to in order to furnish authority for a change, without the consent of the beneficiary. My impression is that the correct principle applicable in such matters is stated in the case of *Relief Fire Insurance Co.* v. *Shaw,* 94 U. S. 574, 24 L. Ed. 291.

My conclusion is that neither the insured nor the defendants, nor the two together, had at any time after the issuing of the policy involved in this suit the right to change the beneficiary, and thereby destroy the vested interest of Hattie Jones in the policy, without her consent.

It is, therefore, ordered that the judgment of the magistrate be affirmed, and the appeal of the defendant dismissed.

*Mr. J. M. Nickles,* for appellant, cites: 90 S. C. 168, 175; 116 N. W. 524; 43 L. R. A. 390; Spelling, Corporate Management and By-Laws, sec. 83, p. 1114; 1 Cook Corporations (6th ed.), sec. 4; 87 S. C. 395; 77 S. C. 299; 2 May Ins., sec. 299; 1 A. & E. Ann. Cas. 682, 684.

*Mr. Wm. N. Graydon,* for respondent, cites: 94 U. S. 574; Elliott Ins. 61, 354; 128 U. S. 195. *The contract is to be construed under the South Carolina law:* Civil Code, secs. 2672, 2675; 84 S. C. 253; 77 S. C. 299; 87 S. C. 395; 11 A. & E. Ann. Cas. 46.

September 21, 1916.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK. .

Judgment affirmed, for the reasons stated in the opinion of the Circuit Court.

---

### 9521

### LANGLEY v. STOKES.

(90 S. E. 31.)

1. ABATEMENT AND REVIVAL—OTHER ACTION PENDING—WHICH ACTION ABATES.—Where two actions are pending, between the same parties, about the same matter, it is not always imperative that the one last brought shall abate or be discontinued; if they are in the same Court, the Court may abate either and allow the other to proceed, or if they are in different Courts in the same jurisdiction, either may be discontinued and the other prosecuted, according to the justice of the situation.

2. APPEAL AND ERROR — DISMISSAL AND NONSUIT — DISCONTINUANCE — DISCRETION OF COURT—REVIEW.—Where plaintiff sued in the Circuit Court on notes, while his actions thereon were pending in a magistrate's Court, defendant setting up a defense and a counterclaim, the amount of which was within the jurisdiction of the magistrate's